# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

TODD STECKELBERG,

     Plaintiff,

v.

COLONEL BRAD RICE, et al.,

     Defendants.

Case No. 4:15-cv-3069

**BRIEF IN SUPPORT OF
MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Todd Steckelberg is a State Trooper employed by the Nebraska State Patrol (or "NSP"). As alleged in his Complaint, Steckelberg is variously dissatisfied by the deterioration of his working relationships with his superiors, ¶¶ 38-41, by his having been critiqued for violating clear Nebraska State Patrol policies, ¶ 30, and, most recently, by the denial of his application to serve on the Executive Protection detail for the Nebraska Governor, ¶ 45. Through this lawsuit, Steckelberg seeks to transform his varied personal employment grievances into a federal civil rights action. But his Complaint, on its face, fails to state a claim upon which relief can be granted under either federal or Nebraska law. On that basis, it must be dismissed.

## PROCEDURAL HISTORY

Steckelberg originally filed this lawsuit in the District Court of Lancaster County, Nebraska, on June 19, 2015. Filing 1-1. On the grounds that Steckelberg

alleged civil rights claims arising under federal law, Defendants timely removed the action to this Court on June 30, 2015. Filing 1.

On July 30, 2015, Steckelberg filed an Amended Complaint,[1] docketed as Filing 5. (hereinafter the "Complaint" or "Compl."). The Defendants have timely moved to dismiss the Complaint for failure to state a claim and submit this brief in support of their motion to dismiss.

## ISSUES PRESENTED

Distilled, Defendants' motion to dismiss presents the following issues for the Court's consideration, presented in the order in which they are discussed herein:

1. To the extent Steckelberg asserts a claim against any Defendant based on discrete acts or omissions alleged to have occurred more than four years prior to the filing of this lawsuit, are such claims time-barred?

2. To the extent Steckelberg asserts any 42 U.S.C. § 1983 claim for money damages against the State of Nebraska itself or the Nebraska State Patrol, a State agency, are such claims barred by sovereign immunity?

3. Has Steckelberg stated a First Amendment claim against any individual Defendant under either the Establishment Clause or the Free Exercise Clause where the Complaint is devoid of any allegation that Steckelberg was coerced

_____

[1] Steckelberg titled Filing 5 as a "Supplemental Complaint." The Court has deemed it to constitute an Amended Complaint. Filing 8. In reliance on the Court's order, Defendants proceed on the basis that Filing 5 is Steckelberg's operative pleading.

into religious activity or that any of his sincerely held religious belief were burdened?

4. Has Steckelberg stated a First Amendment Retaliation claim against any individual Defendant where the Complaint is devoid of any allegation that Steckelberg engaged in protected activity or that he suffered any adverse employment action?

5. Has Steckelberg stated a Fourteenth Amendment claim based on the deprivation of a liberty interest where his employment was not terminated?

6. Has Steckelberg stated a Fourteenth Amendment procedural due process claim where the Complaint fails to allege a deprivation of any interest?

7. Has Steckelberg stated a civil rights conspiracy claim under 42 U.S.C. § 1985(2) where such claim is not based on a federal court proceeding?

8. Has Steckelberg stated a claim under Neb. Rev. Stat. § 48-217 where his employment was not terminated?

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the nonmoving party and grant all

reasonable inferences from the pleadings in favor of the nonmoving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## ARGUMENT

### I. TIME-BARRED ALLEGATIONS

As an initial matter, the Complaint is unclear as to whether Steckelberg intends any of his claims to be based on the allegations regarding his previous NSP assignment in O'Neill, Nebraska. These allegations are set forth in ¶¶ 14-25 of the Complaint. Regardless of Steckelberg's intent, the Court should disregard these allegations as they are, on the face of the pleadings, time-barred.

Nebraska's four-year statute of limitations on personal injury actions (Neb. Rev. Stat. § 25-207) applies to actions brought under 42 U.S.C. § 1983. *Poor Bear v. Nesbitt*, 300 F.Supp.2d 904, 912-913 (D. Neb. 2004).

The allegations in ¶¶ 14-25 pertain entirely to Steckelberg's time in O'Neill. But Steckelberg pled that his O'Neill assignment ended prior to July 31, 2006. *See* ¶ 12 (express pleading that Steckelberg has been in NSP's Omaha office since July 31, 2006). Accordingly, to the extent Steckelberg seeks relief for any of the allegations in ¶¶ 14-25, such claims are time-barred as a matter of law.

## II. FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 CLAIMS

### A. § 1983 Claims Against the Nebraska State Patrol.

To the extent Steckelberg asserts any § 1983 claim against Defendant Nebraska State Patrol, such claims must be dismissed.

As an agency or "arm" of the State of Nebraska, the Nebraska State Patrol is entitled to the same immunity protections as the State itself. *See Hadley v. North Arkansas Community Technical College*, 76 F.3d 1437, 1438 (8th Cir. 1996). "[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 617 (2002) (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989)).

For these reasons, since all of Steckelberg's § 1983 claims are expressly for monetary damages, those claims must be dismissed to the extent they are asserted against the Nebraska State Patrol.

### B. § 1983 Claims Against the Individual Defendants.

Consolidated and restated, Steckelberg's Complaint appears to allege the following § 1983 claims against one or more individual defendants:

- A "freedom of religion" claim under the First Amendment based on Steckelberg's allegation that he was required to have a ride-along with NSP Chaplain Father Thomlison. *See* Compl. ¶¶ 50(d), 56-57, 72.

- A retaliation claim under the First Amendment based on Steckelberg's allegation that he was denied a position on the Nebraska Governor's Executive Protection detail for having spoken out regarding perceived violations during his grievance proceedings. *See* Compl. ¶¶ 46, 72.

- A due process claim under the Fourteenth Amendment alleging that false, defamatory, and stigmatizing statements were made about him which "damaged" his liberty interest in his good name. *See* Compl. ¶¶ 60-61, 71.

- A procedural due process claim under the Fourteenth Amendment alleging that Steckelberg's failure to receive certain documents during his grievance proceedings deprived him of his property interest in his employment without due process of law. *See* Compl. ¶¶ 36, 58, 70.

Defendants proceed accordingly.

### 1. First Amendment "Freedom of Religion" Claim

#### a. Failure to plead sufficient facts to place any individual Defendant on notice of the basis for his or her alleged personal liability.

It is impossible to glean from the face of the Complaint against whom Steckelberg wishes to assign liability for his claim that the ride-along with the NSP Chaplain "affected" his "right to freedom of religion." Compl. ¶ 72. The Court should dismiss this claim accordingly, given its failure to plead sufficient facts to give any of

the six named individual Defendants fair notice that this particular claim is brought against him or her.

In a case decided earlier this year, the Eighth Circuit held as follows:

> To state a claim under Federal Rule of Civil Procedure 8(a)(2), the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement is designed "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To state a claim under § 1983, a plaintiff in his complaint must include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott,* 610 F.3d 701, 707 n. 2 (11th Cir.2010) (quotation omitted); *see Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1062 (8th Cir.2005) (noting that, even under liberal pleading standard, "plaintiff must allege facts ... that, if true, would support the existence of the claimed torts").

*Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

*Brooks* involved an allegation that participation in a mandatory chemical-dependency program "conflicted with [the plaintiff's] Native American religious faith." *Id.* But where the plaintiff failed to specify the basis for his claim -- including *how* the program so conflicted with his religious faith, the defendant officials were "left without notice of the basis for [the] allegations that [the plaintiff] was denied the right to exercise freely his religion and without enough information to respond adequately to the allegations in the complaint." *Id.*

Steckelberg's Complaint presents similar defects. There are a total of four paragraphs which make any allegation regarding the ride-along with the NSP

Chaplain. Compl. ¶¶ 50(d), 56-57, 72. Not one specifies which Defendant ordered the ride-along, nor can the identity of that person be inferred when reading those paragraphs in the context of their surrounding allegations. Indeed, ¶ 56 simply alleges that Steckelberg "arrived at work and **was advised** that he was required to do his ride along with the Chaplain." (emphasis added). This falls short of the pleading standard and this claim should be dismissed accordingly.

### b. Failure to substantively state a claim

In any event, Steckelberg's First Amendment "freedom of religion" claim fails to state a claim upon which relief can be granted.

As an initial matter, the Complaint does not specify whether Steckelberg's First Amendment claim on this issue arises under the Free Exercise Clause or the Establishment Clause. Indeed, Steckelberg merely alleges that his "right to freedom of religion was affected by the insistence that he do a ride along with Father Thomlinson [sic]." Compl. ¶ 72. Under either lens, however, the claim must be dismissed.

_Establishment Clause_

If Steckelberg's claim is evaluated as arising under the Establishment Clause, it must be dismissed because it fails to allege religious coercion.

The Establishment Clause prohibits government from coercing anyone to participate in religion or its exercise. _Munson v. Morris_, 435 F.3d 877, 880 (8th Cir. 2006) (citing _Lee v. Weisman_, 505 U.S. 577, 587 (1992). The Eighth Circuit has applied a three-step inquiry in determining whether there was governmental coercion of

religious activity: first, has the state acted; second, does the action amount to coercion; and third, is the object of the coercion religious or secular? *Jackson v. Nixon*, 747 F.3d 537, 542 (8th Cir. 2014).

Here, Steckelberg has failed to allege any fact from which it can be inferred that the ride-along with the NSP Chaplain had any religious component whatsoever, much less that he was coerced into participating in any religious activity. The fact that a law enforcement officer is subjected to a ride-along with a designee of the officer's superior(s) cannot serve as the basis for an Establishment Clause claim simply because the designee happens to be employed by the agency as a religious chaplain. Without more, Steckelberg has failed to allege any governmental action remotely resembling religious coercion.[2]

*Free Exercise Clause*

Steckelberg's claim stemming from the ride-along likewise fails if it is evaluated as arising from the Free Exercise Clause. Once again, the Eighth Circuit's *Brooks v. Roy* decision is directly analogous.

In reviewing a free exercise claim under § 1983, the threshold issue is whether the challenged governmental action infringes upon a sincerely held religious belief. *Brooks*, 776 F.3d at 960. Like the plaintiff in *Brooks* who failed to plead sufficient facts

---

[2] This Court itself recently applied *Jackson* and recognized that the *Jackson* plaintiff's claims proceeded, in part, only because it was accepted from the plaintiff's allegations that the challenged program "contained some religious content." *See Sundquist v. Nebraska*, __ F.Supp.3d. __, 2015 WL 4727497 at *5 (D. Neb. 2015). Here, no such allegation of religious content exists for the Court to accept.

regarding his faith, his beliefs consistent with that faith, or how the government action conflicted with such beliefs (and whose claims failed accordingly), Steckelberg's Complaint is devoid of exactly the same information. *See id.*

Accordingly, under either scenario Steckelberg's First Amendment claim based on the ride-along with the NSP Chaplain must be dismissed.

### 2.    First Amendment Retaliation Claim

Steckelberg's First Amendment Retaliation Claim is, essentially, that he was denied a position on the Nebraska Governor's Executive Protection detail for having spoken out regarding perceived violations during his grievance proceedings. *See* Compl. ¶¶ 46, 72.

As a threshold matter, this claim appears to be against only Defendant Rice. *See* Compl. ¶ 45 ("Plaintiff was not awarded the executive protection position by Defendant Colonel Rice."). To the extent Steckelberg advances any argument that he intends this claim to apply to *any other* Defendant, the Court should dismiss such claim for the same reasons set forth in Argument Part II-B-1-a, *supra*. Steckelberg has alleged no facts tying this claim to any Defendant other than Rice, so no other Defendant is fairly on notice that retaliation is alleged against him or her.

As it pertains to Defendant Rice, Steckelberg's retaliation claim should be dismissed because the Complaint alleges neither that Steckelberg engaged in a protected activity nor that any adverse employment action was taken against him.

To establish a prima facie case of retaliation, a plaintiff must allege and prove that: (1) he engaged in activity protected by the First Amendment; (2) that the defendant took an adverse employment action against him; and (3) the protected conduct was a substantial or motivating factor in the decision to take the adverse employment action. *Davison v. City of Minneapolis*, 490 F.3d 648, 654-655 (8th Cir. 2007).

### a. Failure to allege protected activity

In determining whether speech is constitutionally protected, the threshold consideration is whether the employee spoke as a citizen and on a matter of public concern. *Id.* at 655. Whether the employee's speech is about a matter of public concern is a question of law for the Court to decide. *de Llano v. Berglund*, 282 F.3d 1031, 1036 (8th Cir. 2002).

Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of the speech, and that speech must relate to some matter of political, social, or other concern to the community." *Buazard v. Meridith*, 172 F.3d 546, 548 (8th Cir. 1999). Where a public employee's speech is purely job-related, that speech will not be deemed a matter of public concern. *Id.* Unless the employee is speaking as a concerned citizen and not just as an employee, the speech does not fall under the protection of the First Amendment. *Id.* The filing of a formal grievance or lawsuit is not protected activity unless it touches upon a matter of public concern. *Hoffman v. Mayor, Councilmen & Citizens of Liberty*, 905 F.2d

229, 233-234 (8th Cir. 1990); *Ginter v. City of Ashland*, 2005 WL 2347234 at \*4 (D. Neb. 2005).

Steckelberg's retaliation claim hinges on his employment grievances qualifying as protected speech. They clearly were not. All of the grievance proceedings alleged in the Complaint pertain to Steckelberg's uniquely personal employment issues. Such purely job-related speech cannot serve as the basis for a retaliation claim under the First Amendment. For this reason alone, Steckelberg's retaliation claim must be dismissed.

### b. Failure to allege adverse employment action

Additionally, and/or alternatively, the retaliation claim should be dismissed because Steckelberg failed to allege that any adverse employment action was taken against him.

> Acts short of termination may constitute adverse employment actions, however, not everything that makes an employee unhappy is actionable. *Montandon v. Farmland Indus., Inc.,* 116 F.3d 355, 359 (8th Cir.1997). Loss of status and prestige alone do not rise to the level of an adverse employment action. *Ledergerber v. Stangler,* 122 F.3d 1142, 1144 (8th Cir.1997). To be actionable, the employment action must be "a material change in the terms or conditions of her employment." *Id.; Fisher v. Pharmacia & Upjohn,* 225 F.3d 915, 919 (8th Cir.2000) (holding a transfer or reassignment may rise to the level of an adverse employment condition if it is "a significant change in working conditions.").

*Meyers v. Nebraska Health & Human Servs.*, 324 F.3d 655, 659-60 (8th Cir. 2003).

Critically, Steckelberg does not allege a termination, demotion, pay cut, transfer, or anything similar. Instead, he alleges that the adverse employment action taken

against him was Colonel Rice's denial of his application to serve on the Nebraska Governor's Executive Protection detail. Compl. ¶¶ 43-46. Putting aside that this allegation fails to satisfy the legal requirements for an actionable adverse employment action, myriad policy reasons justify the rejection of this claim. Steckelberg's attempt to constitutionalize the selection of bodyguards for the personal security of the chief executive office of a sovereign state should not be countenanced.

Accordingly, the Court should dismiss the retaliation claim in its entirety.

### 3. Fourteenth Amendment Liberty Interest Claim

In ¶ 71, contained in the First Cause of Action, Steckelberg alleges that he "had a liberty interest in his good name, which was damaged by each of the Defendant's actions, by making false defamatory and stigmatizing statement [sic] without notice to him or opportunity for a hearing." Assuming this is a reputational harm claim arising under the Fourteenth Amendment, it must be dismissed.

First, as with the retaliation claim, this claim can only reasonably be understood to be against only Defendant Rice. *See* Compl. ¶ 60 ("Defendant Colonel Rice has, in the process of discussing plaintiff's Employment issues and more particularly the Executive Protection position for which he applied, made false defamatory and stigmatizing statement [sic]…"). To the extent Steckelberg advances any argument that he intends this claim to apply to *any other* Defendant, the Court should dismiss such claim for the same reasons set forth in Argument Part II-B-1-a, *supra*.

Steckelberg has alleged no facts tying this claim to any Defendant other than Rice, so no other Defendant is fairly on notice that retaliation is alleged against him or her.

As it pertains to Defendant Rice, the claim must be dismissed because Steckelberg has not alleged the termination of his employment. The Eighth Circuit held in *Mascho v. Gee*:

> While termination from state employment does not necessarily amount to a deprivation of a protected liberty interest, the Supreme Court has recognized such an interest where an employee's "good name, reputation, honor, or integrity is at stake because of what the government is doing to him." *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). To establish such a claim, the employee must show defamation by a state official, **and that the defamation occurred in the course of the termination of employment**. *Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). Defamation, for purposes of a due process claim, occurs when a state official "publicly made allegedly untrue charges against [the employee] that would stigmatize [him] so as to seriously damage [his] standing and associations in [his] community, or foreclose [his] freedom to take advantage of other employment opportunities." *Shands v. City of Kennett,* 993 F.2d 1337, 1347 (8th Cir.1993).

*Mascho v. Gee*, 24 F.3d 1037, 1039 (8th Cir. 1994) (emphasis added); *see also Crews v. Monarch Fire Protection Dist.*, 771 F.3d 1085, 1091-1092 (8th Cir. 2014).

Since there is no alleged termination, there cannot be a reputational liberty interest claim under *Mascho*, which itself involved a discharge. This claim must be dismissed.

### 4. Fourteenth Amendment Procedural Due Process Claim

Steckelberg asserts that the Defendants' failure (again, he fails to specify precisely which Defendant(s)) to provide him with certain documents during his

grievance proceedings "deprived [him] of Due process [sic] of law regarding his property interest in his employment." Compl. ¶ 70. Since Steckelberg remains employed with full pay and benefits, this claim must be dismissed.

To establish a violation of procedural due process, a plaintiff must show that he has been deprived of a constitutionally protected life, liberty or property interest. *Davenport v. Univ. of Arkansas Bd. of Trustees*, 553 F.3d 1110, 1114 (8th Cir. 2009).

Simply put, Steckelberg is still employed and has not made any allegation to the contrary. He has failed to plead any constitutional injury and, therefore, his procedural due process claim should be dismissed.

## III. SECOND CAUSE OF ACTION: CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985(2).

Steckelberg's second cause of action purports to assert a claim that some or all of the Defendants (he does not specify whom) conspired to violate his federal civil rights. Compl. ¶¶ 75-79. Steckelberg brings this claim pursuant to 42 U.S.C. § 1985(2). Compl. ¶ 76. That statute proscribes conspiracies

> to deter, by force, intimidation, or threat, any party or witness **in any court of the United States** from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified…

42 U.S.C. § 1985(2) (emphasis added).

To prevail, Steckelberg must show "that two or more defendants conspired together to injure him **for participating in a federal lawsuit**." *Biby v. Board of Regents*

*of the University of Neb. at Lincoln*, 338 F.Supp.2d 1063, 1075-1076 (D. Neb. 2004) (emphasis added).

Steckelberg's asserted basis for this claim is that he was conspired against "on account of his having so attended or testified…" Compl. ¶ 76. This refers to the employment arbitration proceedings which took place earlier in 2015 and are discussed throughout the Complaint (indeed, Steckelberg makes no reference to any other legal proceeding). Since the portion of 42 U.S.C. § 1985(2) quoted above is not even applicable to state *court* actions, *see Biby*, 338 F.Supp.2d at 1076, it is necessarily inapplicable to Steckelberg's arbitration proceedings.

Accordingly, Steckelberg's second cause of action must be dismissed for failure to state a claim under 42 U.S.C. § 1985(2).

## IV.  THIRD CAUSE OF ACTION: STATE LAW CLAIMS

_Note Regarding the Court's Jurisdiction Over the State Law Claims_

Regardless of the order in which the Court chooses to consider the arguments within Defendants' motion to dismiss, Defendants urge the Court to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dispose of the state law claims in consolidation with the § 1983 claims. Given that the entirety of Steckelberg's claims rest on the same set of operative facts, addressing only the former but remanding the latter for further proceedings would be unwarranted. The Complaint, given its structure and the factual context upon which it relies, is subject to its federal and state claims being resolved in a single proceeding.

## A. State Law Claims Against the Individual Defendants.

Steckelberg's claims against the individual Defendants (Colonel Rice, Major Stanczyk, Captain Konfrst, Lieutenant Bridges, Lieutenant Ryan, and Lieutenant Loveless) concern, on the face of the Complaint, alleged actions within the course and scope of these Defendants' official employment. Accordingly, Steckelberg's only recourse against these Defendants for his state law claims is in their *official* capacities under the Nebraska State Tort Claims Act, Neb. Rev. Stat. §§ 81-8, 209 *et seq.*

Defendants note that in cases decided earlier this year involving state law claims against State officials in their individual capacities, Judge Strom conducted the same analysis urged by Defendants here. *See Kruger v. State of Nebraska, et al.*, __ F.Supp.3d __, 2015 WL 518748 at *5-6 (D. Neb. Feb. 9, 2015) (on appeal); *Glasgow v. State of Nebraska, et al.*, 2015 WL 691404 at *7 (D. Neb. Feb. 18, 2015) (on appeal). Given the contextual similarities, Defendants set forth the same reasoning presented to the Court in those cases.

In *Young v. Douglas County*, this Court conducted a separate analysis of state law claims against several Deputy Douglas County Attorneys in their individual capacities versus their official capacities. *Young*, 2009 WL 2568061 at *6-7 (D. Neb. 2009). Finding that the defendants' complained-of activity "all occurred within the course and scope of their employment," this Court dismissed the state law claims against them in their individual capacities. *Id.* at *6. That conclusion resulted in the application of the Political Subdivisions Tort Claims Act against the defendants solely

in their *official* capacities. *Id.* at *7; *see also Bohl v. Buffalo County*, 251 Neb. 492, 557 N.W.2d 668 (Neb. 1997) (Nebraska Supreme Court held that if an off-duty deputy sheriff involved in a traffic collision did not act within the scope of his employment, he could be sued individually; if he *did* act within the scope of his employment, the Tort Claims Act would apply exclusively, barring the individual capacity suit).

Given the Nebraska Supreme Court's holding that provisions of the Political Subdivisions Tort Claims Act should be construed in harmony with similar provisions in the *State* Tort Claims Act, this Court's *Young v. Douglas County* analysis is applicable here. *See Big Crow v. City of Rushville*, 266 Neb. 750, 755 (Neb. 2003).

Accordingly, since all of Steckelberg's claims against the individual Defendants pertain to alleged acts within the course and scope of their official employment, the state law claims must be dismissed against these Defendants.

### B. State Law Claims Against the Nebraska State Patrol.

The Complaint's third cause of action purports to assert a state law claim for money damages under "Nebraska Const Art. XV§13 Neb Rev. Stat. 48-217." Compl. ¶¶ 80-82. To the extent this claim is asserted against the Nebraska State Patrol (and, therefore, the State itself), this claim must be dismissed. Even assuming for the sake of argument that such claim is even cognizable in this or any Court, the Complaint's allegations are facially inconsistent with the express language of these provisions.

Neb. Rev. Stat. § 48-217 provides, in its entirety, as follows:

To make operative the provisions of sections 13, 14 and 15 of Article XV of the Constitution of Nebraska, no person shall be **denied employment** because of membership in or affiliation with, or resignation or expulsion from a labor organization or because of refusal to join, affiliate with, or pay a fee either directly or indirectly to a labor organization; nor shall any individual or corporation or association of any kind enter into any contract, written or oral, to exclude persons from employment because of membership in or nonmembership in a labor organization.

(emphasis added).

Steckelberg's Complaint makes no allegation that he was "denied employment" with the Nebraska State Patrol. To the contrary, the Complaint expressly pleads Steckelberg **is currently** employed by the Nebraska State Patrol. This claim should be dismissed on this threshold basis.

Moreover, the Complaint makes no allegation that the Nebraska State Patrol took any action against Steckelberg based on his union membership. Yes, Steckelberg alleges that he is a union member (Compl. ¶ 13) and makes several allegations of union contract violations. But no inference can be drawn from these allegations that Steckelberg's union membership *itself* was a factor in his proceedings.

This Court has recently encountered a similarly defective claim -- ostensibly arising under the same provisions of Nebraska law -- and dismissed it accordingly. *Perry v. Lancaster County, Neb.*, 2014 WL 2574523 at *19 (D. Neb. 2014) ("While this may constitute a potential violation of the terms of the labor agreement between the union and the [defendant], it does not establish that union membership was involved in [the defendant's official's] decision to terminate [the plaintiff's] employment.").

This case presents a markedly easier analysis than *Perry*, for in that case the plaintiff's employment had actually been terminated. As Steckelberg himself expressly pled, that is not the case here. Accordingly, Steckelberg's third cause of action must be dismissed against the Nebraska State Patrol.

## CONCLUSION

Steckelberg's Complaint should be dismissed in its entirety, with prejudice.

Submitted August 25, 2015.

**COLONEL BRAD RICE,
CAPTAIN BRENDA KONFRST,
LIEUTENANT KEVIN RYAN,
MAJOR RUSS STANCZYK,
LIEUTENANT CRAIG LOVELESS,
THE NEBRASKA STATE PATROL, and
LIEUTENANT KEVIN BRIDGES,
Defendants.**

By:    DOUGLAS J. PETERSON
       *Attorney General of Nebraska*

By:    *s/ David A. Lopez*
       David A. Lopez, NE #24947
       Stephanie A. Ca ldwell, NE # 22994
       *Assistant Attorneys General*

       OFFICE OF THE ATTORNEY GENERAL
       2115 State Capitol
       Lincoln, Nebraska 68509
       (402) 471-2682
       Dave.Lopez@nebraska.gov
       Stephanie.Caldwell@nebraska.gov
       Attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2015, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, causing notice of such filing to be served upon Plaintiff's counsel of record.

By:     *s/ David A. Lopez*